176 So.2d 51

**EMPLOYERS CASUALTY COMPANY**

v.

**Rufus W. HEAD.**

**5 Div. 638.**

Court of Appeals of Alabama.

June 1, 1965.

Morgan Reynolds and Reynolds & Reynolds, Clanton, for appellee.

**CATES, Judge.**

The appellant insurance company appeals from a judgment for $942.90 rendered against it in favor of Mr. Head, the plaintiff below.

The action was on the medical benefit provisions of an automobile liability policy. The question is whether or not the contract covered Mr. Head, a State Highway Patrolman, for injuries sustained while occupying a State car.

The named automobile in the written policy was not a State car. The policy excluded the risk of medical expense to the named insured "while occupying an automobile * * * other than an automobile defined herein as an 'owned automobile.'" This exclusion was pleaded in the defendant's answer.

The court admitted evidence that Mr. Head asked the insurance company's agent if the coverage in question extended to him while in a State car. This was over the defendant's objection and the overruling is assigned as error.

Lawrence F. Gerald, Jr., Clanton, for appellant.

The plaintiff, having plead under the policy, was accordingly confinable thereto in his proof. Our insurance statute, Code 1940, T. 28, § 75, makes the written policy the sole expression of the agreement. Also, in general, parole testimony will not be received to vary a written contract.

One can have a suit for breach of an oral agreement to insure. However, the cause of action is not the breach of a promised policy, but rather for the failure to carry out the oral agreement. Home Ins. Co. v. Adler, 71 Ala. 516.

The judgment below is reversed and the cause remanded for new trial.

Reversed and remanded.